NATHAN WARFIELD AND WIFE—EX PARTE.—*Dec.* 1839.

Where a will, giving a pecuniary legacy to a female, contains no provision that it shall be settled to her separate use, and the money so bequeathed, by a contingency not contemplated by the testator, is brought into the Court of Chancery by the consent of the legatee after her intermarriage, the husband, upon the joint petition of himself and wife, may withdraw it, without any part being retained for settlement upon the wife.

If in such a petition the consent of the wife does not satisfactorily appear, or the fact of her having attained the competent age is not clearly shewn, the chancellor should not at once dismiss the petition upon either ground, but it should be held over, for an opportunity of removing the objection by proof.

APPEAL from the Court of Chancery.

On the 5th October 1838, the appellants filed their petition

in the Court of Chancery alleging, that *Caroline B.* the wife of *Nathan*, is entitled to a certificate of State of Maryland stock amounting to $5000, as will appear by an order passed in the cause of *John W. Dorsey vs. Rezin Hammond* and others, and the original certificate on file in the said cause.   That the petioner *Caroline* is desirous that $2000 of said certificate should be converted into money, and paid to her husband *Nathan* to relieve him from debt.   *Prayer* for a sale of $2000, and payment to *Nathan*.   There was a privy examination of the wife before a justice of the peace, certified to, and annexed to the petition showing her consent.

The treasury certificate referred to in the petition, bore date the 23rd February 1832, and recited there was due unto *Caroline B. Hammond* $5000, subject to the conditions &c., specified in the will of *Matthias Hammond* deceased.

On the 5th October 1838, the Chancellor (Bland) dismissed this petition.

The petitioners appealed from the order, and sent up with the record so much of the proceedings in the case of *John W. Dorsey vs. Hammond and others*, as were necessary to bring to the notice of this court the points of their case.

These proceedings comprised the decree of the Court of Chancery of the 19th March 1827, for the sale of the real estate of *Matthias Hammond* of which he died seized, with a notice to creditors to file their claims; the trustee's report of sales; the final ratification of the sale on the 10th December 1827; various proceedings before the auditor, distributing the sales of the said real estate; and on the 16th December 1831, the Chancellor (Bland), upon the petition of the infant heirs of *Matthias Hammond*, passed the following order:

"On the aforegoing application it is ordered, that the solicitor of the petitioner, be and he is hereby authorised and directed to invest the said sum of money left unappropriated, and directed to be brought into court by the order of the 28th March 1828, in the name and for the use of the said *Caroline B. Hammond*, subject to the conditions, contingencies and terms, specified in the will of the said *Matthias Hammond*, in

the next loan which may be called for and made by this State, after deducting from the said amount, all costs properly chargeable against the same, and also the sum of $200 which is hereby allowed to the said *Thomas S. Alexander*, as a compensation for his professional services in relation to the same, expressly upon the ground, of its having been contracted for, and assented to by the mother and next friend of the said *Caroline B. Hammond*, as expressed in her letter filed on the 10th instant."

On the 1st March 1832, the solicitor reported upon oath, that he had invested the sum of $5,052 as directed, and the same was ratified by the chancellor, and the register directed to record and preserve the certificate of the stock safely and securely, subject to the further order of this court.

At July Term 1833, the appellants filed their petition, praying the Chancellor to pass an order, declaring the right of the petitioners to the legacy under the will of *Matthias Hammond*, and to the interest or dividends accruing thereon.

Whereupon the Chancellor (BLAND) passed the following order:

"It appears from the case stated, by the aforegoing petition, that the petitioner, *Caroline B. Warfield*, is entitled by virtue of her equity in this court, to have the whole or at least a reasonable proportion of the sum of money mentioned in the said petition settled upon her, for her separate use, exclusively of her said husband, unless she shall relinquish her right to have the same so settled; *therefore*, it is ordered, that this matter stand over until a copy of the aforegoing petition, together with a copy of this order, shall have been served on the said *Caroline B. Warfield*, and after the same shall have been deliberately read over by her, or to her, she shall be interrogated by a justice of the peace, separately, apart from and out of the hearing of her said husband, whether she doth freely or without threats or fear of his displeasure, relinquish all her right and claim to the money or investment in the said petition mentioned, unto him, without reserving to herself her right to have a settlement made on herself of the whole, or any part

thereof or not; and the said justice shall thereupon certify to this court her answer thereto, annexed to a copy of this petition, and this order, under his hand and seal."

Upon the passage of this order, the appellants filed another petition, suggesting the previous proceedings, and that the said *Caroline B.* was still an infant under twenty-one years of age, though married, and praying that the Chancellor would review his order of July 1833; and pass such order, as the petition, and this supplement may authorize.

Thereupon on the 8th July 1833, the Chancellor ordered, "that the interest or dividend only of the investment or some of money mentioned in the said petition, filed on the first instant, be and the same are hereby declared to be payable to, and receivable by the said petitioner *Caroline B. Warfield;* and it is further ordered, that the order of the *first* instant be, and the same is hereby rescinded and annulled, and that the disposition of the principal of the said investment or sum of money, be, and the same is hereby suspended until after the said *Caroline B. Warfield* shall have attained the full age, and until the further order of this court."

The will of *Matthias Hammond* contained the following devise, after a direction to his executors to pay his just debts.

"I give and devise unto my two sons *Denton* and *Matthias Hammond* their heirs and assigns for ever, all my estate, both real and personal; provided, that each of them pay to their sister *Caroline Brown Hammond,* on the day of her marriage, or the age of twenty-one years, the sum of five thousand dollars current money."

The appeal was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, J.

By S. PINKNEY for the appellants.

DORSEY, J., delivered the opinion of the court.

No grounds being stated by the Chancellor for the dismissal of the appellants' petition, in reviewing his order, we are by no means certain, that the abbreviated record now before us

presents all the facts which may have influenced his determination. But whether the record, in this respect, be imperfect or not, we cannot look beyond it; and the Chancellor's order must stand or fall, according to its merits, in the aspect in which it is now brought before us.

In inducing the wife to unite in the *petition*, there are no circumstances to give rise to the presumption, that fraud, unconscionable advantage, or undue influence, had been practised upon her. It would appear then, that the order must have been passed either because no assent of the wife would have warranted the granting of the prayer of the petitioners; or that the assent given was not sufficient for that purpose; or that the petition did not state that *Caroline B. Warfield* had arrived at the age necessary to give validity to her assent. Upon neither of these grounds do we think the order can be sustained. The will of *Matthias Hammond*, under which the fund in question became the property of the wife, directed it to be paid to her, on her day of marriage or maturity. It contemplated no settlement to her separate use; and although the fund, by a contingency not contemplated by the testator, had been brought into the Chancery Court, by the consent of the wife properly given; the husband was entitled to receive it without any portion of it being retained for investment, as the separate estate of the *feme covert*. If the evidence of the wife's assent which accompanied the petition, was not satisfactory to the chancellor, instead of the immediate dismissal of the petition for such defect, he ought to have retained it until such an examination of the *feme covert* could have been had under his direction, as would have satisfied his conscience, as to the character of her consent. If the petition was dismissed because it did not state *Caroline B. Warfield's* arrival to the age of majority, we do not think the order of dismissal can be sustained on that ground. Sufficient appeared in the record to impair, if not to repel, the presumption of her continued infancy. Her father's *will* was admitted to probate in 1819. The application in her behalf, for the investment of the fund in question, filed in 1831, states her then age to be about seventeen; and the petition of

28. CASES IN THE COURT OF APPEALS

Franklin Bank of Baltimore *vs.* P., D. & M. Steam Navigation Co.—1839.

*Warfield* and wife was filed in October 1838. Under such circumstances, if the Chancellor entertained doubts, on the score of her age, as to the competency of *Mrs. Warfield* to give the assent in question, instead of instantaneously dismissing the petition, he should have held it over, and given the petitioners an opportunity of removing by proof all doubts upon the subject.

This court will sign a decree reversing the order appealed from, and remanding the cause to the Court of Chancery, that such further proceedings may be had therein as the nature of the case may require.

ORDER REVERSED AND CAUSE REMANDED.